(May 27, 1997)

■ ASHBY CONSTRUCTION CORP., Respondent, v PENTECOSTAL FAITH CHURCH et al., Appellants, et al., Defendants. [658 NYS2d 851] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about August 9, 1996, which, insofar as appealed from, denied defendants' motion for summary judgment dismissing this action to foreclose a mechanic's lien, affirmed, without costs.

Issues of fact exist as to whether work was performed within eight months of the filing of the notice of the mechanic's lien, and, if so, whether such work was done pursuant to the parties' contract (Lien Law § 10; *see, Sanders Co. v BHAP Hous. Dev. Fund Co.*, 903 F2d 114, 120). Concur—Milonas, Mazzarelli and Andrias, JJ.

Murphy, P. J., dissents in a memorandum as follows: I respectfully dissent.

In September 1985, defendants Pentecostal Faith Church and Mt. Calvary Pentecostal Faith Church contracted with plaintiff Ashby Construction Corp. for the management of construction of a new church and community facilities. Ashby's duties under the agreement included service as consultant during project development, preparation and analysis of bids, preparation of budgets and schedules and supervision of construction, which commenced in October 1985. At some point in 1989 or 1990, defendants were unable to continue to make payments under the contract. Plaintiff claims that thereafter, relying on defendants' assurances of payment as funds became available, it proceeded with construction, and also performed management services under the contract in 1991 and 1992. On October 5, 1992, plaintiff filed a notice of mechanic's lien for unpaid items of labor and material purportedly expended under the contract in the amount of $234,937.01. The notice asserted claim for material furnished including "[c]oncrete, [e]quipment, [s]teel [f]encing, [s]heet [r]ock, [c]eramic [t]ile, [s]uspended [c]eiling [s]ystem, etc.", as well as for labor described as "Construction Management Administrative services in connection with the construction of a new Church, Mt.

Calvary of The Pentecostal Faith Church". In September 1993, Ashby commenced a proceeding to foreclose upon the mechanic's lien, and filed a notice of pendency. Defendants answered, and in October 1995 moved for summary judgment dismissing the mechanic's lien as untimely. Defendants contended, *inter alia*, that Ashby discontinued work when payments under the contract ceased in 1989 or 1990, allowed its work permit to lapse in October 1990 and performed no other services under the agreement. Ashby cross-moved for summary judgment and foreclosure on the lien, asserting through an officer's affidavit that the company performed a variety of duties after the discontinuation of construction work, including lease negotiations with prospective tenants, redesign of the community center, provision of advice to defendants on obtaining financing and other construction matters and oversight of the repair of a sidewalk on the premises. As documentary proof of these claims, it provided copies of checks paid to it by defendant Pentecostal in January through July 1992, purportedly for redesign services, and a single invoice, in the amount of $42.21, from a supplier of tar for sidewalk repair. The motion court denied both the motion and the cross-motion for summary judgment, finding that there existed triable issues of fact as to, *inter alia*, whether the mechanic's lien was timely filed.

Because plaintiff failed to provide evidence of the timely filing of the mechanic's lien, and further failed to support its claim for the obligation described in the lien, I would reverse and grant defendants' motion to dismiss. The parties' contract provided for a detailed and specific set of services, including construction of the new church and community facility in accordance with particular architectural plans, and further provided that plaintiff could perform additional work—including providing services for tenants or rental spaces and "services not otherwise included" in the contract—only upon written authorization by the defendants. Nowhere does the contract expressly authorize the plaintiff to perform redesign work, perform construction work in the course of redesign, conduct lease negotiations with prospective tenants, or provide financing advice; nor has plaintiff supplied any written authorization to perform such services. Moreover, plaintiff has provided no evidence of any payments that it made to contractors, mechanics, material suppliers, architects or any person or entity connected with contract services during the eight month period preceding the filing of the mechanic's lien. While I have grave doubts that an invoice in the de minimis amount of $42 for sidewalk repair is sufficient to support a mechanic's lien for construction services in the amount of $234,937.01, that issue

need not be addressed in this case, inasmuch as plaintiff made no showing of payment for the material or services involved in the sidewalk repair. Finally, plaintiff has provided no competent evidence indicating its provision of materials or services in the amount of the asserted lien even prior to 1992; its bills to defendant Pentecostal Faith Church listed an obligation of only $3,902.58 as of December 1992. Under these circumstances, I would reverse the order of Supreme Court, grant defendant's motion for summary judgment on the ground that the lien was not timely filed and discharge the lien.